NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 28 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY JAMES MERRICK,<br><br>             Plaintiff-Appellant,<br><br>   v.<br><br>DAVID SHINN, Director, Arizona Department of Corrections; TRINITY FOOD SERVICES,<br><br>             Defendants-Appellees,<br><br> and<br><br>CHARLES L. RYAN, Director, Arizona Department of Corrections - in his individual and official capacities; RONALD TOWLES, Supervisor,<br><br>             Defendants. | No. 20-15600<br><br>D.C. No. 2:19-cv-05525-SPL-MTM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted April 20, 2021[**]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Arizona state prisoner Anthony James Merrick appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging constitutional claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district court's dismissal under 28 U.S.C. § 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly dismissed Merrick's claims against defendant Shinn in his official capacity because Shinn is entitled to Eleventh Amendment immunity and Merrick does not seek prospective declaratory or injunctive relief. *See Flint v. Dennison*, 488 F.3d 816, 824-25 (9th Cir. 2007) (Eleventh Amendment bars damages actions against state officials in their official capacities); *see also Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012) (the Eleventh Amendment "does not . . . bar actions for prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law.").

The district court properly dismissed Merrick's conditions-of-confinement claims because Merrick failed to allege facts sufficient to show that defendants knew of or disregarded an excessive risk to Merrick's health.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison officials are liable for denying a prisoner humane conditions of confinement only if they know of and disregard a

substantial risk of serious harm).

The district court properly dismissed Merrick's claims based on his inability to purchase items at the prison store as well as the prices at the prison store because there is no constitutional right to purchase prison canteen products. *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (prisoners have no constitutional right to purchase canteen products).

The district court properly dismissed Merrick's equal protection claims because indigent prisoners are not a protected class. *See Taylor v. Delatoore*, 281 F.3d 844, 849 (9th Cir. 2002) (indigent prisoners are not a protected class for purposes of stating an equal protection claim).

The district court properly dismissed Merrick's access-to-court claims because Merrick failed to allege facts sufficient to show an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349-53 (1996) (elements of an access-to-courts claim and actual injury requirement); *see also Christopher v. Harbury*, 536 U.S. 403, 417 (2002) (to plead an actual injury, the complaint "should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a),[ ] just as if it were being independently pursued").

The district court properly dismissed Merrick's failure-to-train and failure-to-supervise claims because Merrick failed to allege facts sufficient to show that there was an underlying constitutional violation. *See Starr v. Baca*, 652 F.3d 1202,

1207 (9th Cir. 2011) (a supervisor is liable under § 1983 only if he or she was personally involved in the constitutional deprivation or there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation).

The district court did not abuse its discretion in dismissing as duplicative Merrick's claims in his initial complaint based on allegations regarding Keefe stores. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (holding that the district court did not abuse its discretion when it dismissed claims that repeated allegations that were previously dismissed under the district court's authority to screen in forma pauperis complaints).

The district court did not abuse its discretion in denying Merrick's motion to appoint counsel because Merrick did not demonstrate exceptional circumstances. *See Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (setting forth standard of review and requirements for appointment of counsel).

**AFFIRMED.**